UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARJA ELINA HAKANIEMI,

        Plaintiff,

-against-

CARTER CONLON; THERESA CONLON,

        Defendants.

21-CV-5489 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action against Defendants Carter Conlon and Theresa Conlon, whom Plaintiff identifies as being affiliated with the Times Square Church in Manhattan.[1] By order dated June 30, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff thirty days' leave to replead her claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff originally filed this action in the United States District Court for the Eastern District of New York. *See Hakaniemi v. Conlon*, No. 1:21-CV-3033 (E.D.N.Y. June 22, 2021). By order dated June 22, 2021, Judge Pamela K. Chen transferred the action to this Court. (ECF 4.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the Eastern District of New York's Complaint for a Civil Case form. Plaintiff checks the box to indicate that she brings her claims under the Court's federal question jurisdiction, and where she is asked to state the federal statutes, treaties, or constitutional provisions at issue in the case, Plaintiff writes, "Carter and Theresa Conlon are

collecting data on my incomes now their income $24,000 in month construction and copyrights, music media." (ECF 1, at 4.)

In the section of the form that calls for a description of the amount in controversy for the purposes of demonstrating diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff writes, "$75,000 they created a trust at my Houses, share holders are many – My share is 0." (*Id.* at 5.)

Plaintiff's Statement of Claim reads in its entirety as follows:

> Carter Conlons project is a group of individuals having a right to chance my property to money and Not pay my bills (Trusted) give out their controlled information Thurst.
>
> rights to my videos
> rights to my photographs
> rights to my preaching
> rights to my singing.

(*Id.*)

Finally, in the section of the form asking her to state the relief she is seeking, Plaintiff writes, "Carter Conlon already owns my property is using money 25,000 $ in month on All Art Channel? Copyrights questions – money (my) media. My videos on EDUCATION google. I am architect to L. Conlons 2 Houses, Private Houses (no payment made)." (*Id.* at 6.)

## DISCUSSION

### A. The Copyright Act

The Court liberally construes Plaintiff's allegations that Defendants profited from her music, singing, photographs, preaching, or videos as seeking relief for copyright infringement.[2] The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who

---

[2] In transferring this action to this Court, Judge Chen also construed Plaintiff's allegations as attempting to assert claims for copyright infringement. (*See* ECF 4, at 1 n.1.)

actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). To establish copyright infringement, a claimant must show: (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

Here, Plaintiff fails to state a claim under the Copyright Act because she does not allege any facts suggesting that she owns a valid copyright or that Defendants copied her work. She does not identify the music, videos, photographs, preaching, or singing that she alleges Defendants infringed on or state how Defendants infringed on this protected material. The Court therefore dismisses any claims Plaintiff may be asserting under the Copyright Act for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

### C. Leave to Replead

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the defects in Plaintiff's complaint likely cannot be cured with an amendment, the Court grants Plaintiff thirty days' leave to replead her copyright infringement claim.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted, with thirty days leave to replead her claims. A civil judgment will not issue at this time.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  July 6, 2021
          New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge